STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-050

LOCATEPLUS.COM, n/k/a
WORLDWIDE INFORMATION, INC.,

Petitioner

v.

STATE OF MAINE BUREAU OF
MOTOR VEHICLES and
INFORME.,

Respondents

DONALD L. GARBRECHT
LAW LIBRARY

AUG 20 2002

DECISION AND ORDER

This matter is before the court on petitioner's motion for summary judgment. The history of this dispute is contained in the court's order disposing of respondents' motion to dismiss and will not be repeated here. The court has denied respondents' motion to dismiss concluding that the InforME statute does not, in any way, affect the Maine Freedom of Access Act nor the obligation of the State of Maine to provide access to information and copies of such information for a fee bearing a relationship to the cost of providing such copy services. The motion to dismiss was based upon an acceptance of the facts as asserted in the petition. The court has additional information in this motion for summary judgment, most notably proceedings of the Legislature in adopting the InforME statute. It is abundantly clear that the purpose of InforMe was to facilitate electronic access to the same information subject to the Freedom of Access Act, that information must be provided at a fee reasonably related to the cost but that InforMe is also authorized to perform premium services which involves an enhancement of electronic access.

In its motion for summary judgment, the petitioner asserts that, as a matter of law, it is entitled to access and retrieve the data bank of the Bureau of Motor Vehicles at

a reasonable cost of translation, that the statutory $5.00 cost per "report" is unlawful if it applies to each individual "record" contained within the database and has no basis in any event with the reasonable cost of translation. The petitioner presents information suggesting the legislative intent that InforMe was to be authorized to charge fees that would otherwise subsidize its non-fee operation but would not impede or obstruct freedom of access or interfere in any way with pre-existing statutory obligations of state agencies to provide the information and copying as heretofore done. The petitioner asserts that its desire for access and copying is a brief "snapshot" of the data involving no more than a short period of time of staff and the use of memory disks. Petitioner quotes the language of the presentation of the Speaker of the House that information held by the government must be "accessible, responsive and affordable." Petitioner further argues that the Bureau of Motor Vehicles has an independent statutory duty unaffected by InforMe.

The respondents respond by arguing that the petitioner has no right under either the Freedom of Access Act or the InforMe statute to obtain the data it requests at cost. Respondents further argue that the petitioner's representations of cost of production or utilization of the requested data are matters of fact not presently before the court and, therefore, the court must assume there are genuine issues of material fact. The respondents aver that the fees to which InforMe claims it is entitled does not constitute a denial of access to public records pursuant to the Freedom of Access Act and further that the Bureau of Motor Vehicles' statutory obligation to provide public access to its records does not extend to providing copies of an entire database in electronic form.

In this court's order denying respondents' motion to dismiss, it concludes that:

2

If one assumes that $1,800 represents some measure of actual cost to the State of Maine in downloading the database and that the State has replaced that procedure with a requirement in the thousands and even into the millions of dollars, the suggestion of a de facto violation of freedom of access can be the only reasonable conclusion.

The respondents, quite appropriately, refer to those provisions of the InforMe statute providing the legislatively mandated basis for its establishment of a fee schedule. 1 M.R.S.A. § 534(5)(G). The relationship of those fees to the fundamental requirements of freedom of access clearly presents a genuine issue of material fact. If the respondents suggest that $128,000 for services provided by InforMe previously provided by the Bureau of Motor Vehicles for $300 is in compliance with the statutory requirements created by the Legislature as found in section 534, it has the burden of going forward with such evidence. If the access and copying of a database, without electronic enhancement, is only available for a fee in excess of $128,000 based upon the cost of InforMe in providing free services to other agencies and the overhead cost of its administration, it should be required to prove, factually, why it does not have a substantial effect on the full enforcement of freedom of access. If, in fact, the database requested by petitioner can be provided through the use of a finite amount of time in a state employee's work day and a finite number of memory devices at a specific cost, it is reasonable to expect that InforMe may justify a fee in excess of $100,000 on the grounds that it is necessary as part of its overhead cost under its enabling statute.

This court has reached no conclusion as to whether the fees charged by InforMe are in compliance with its statute nor whether the Legislature clearly anticipated providing such information to a commercial enterprise would be a reasonable means of subsidizing State electronic access under all of the circumstances. While it is convenient

3

for the court to consider the fee schedule absurd as it applies to this petitioner, it cannot do so without all the facts.

For all the reasons stated, the entry will be:

Petitioner's motion for summary judgment is DENIED.

Dated: April___30___, 2002

Donald H. Marden
Justice, Superior Court

4

STATE OF MAINE                                          SUPERIOR COURT
KENNEBEC, ss.                                              CIVIL ACTION
                                                   DOCKET NO. AP-01-050


LOCATEPLUS.COM, n/k/a
WORLDWIDE INFORMATION, INC.,

      Petitioner

    v.                                                  **ORDER**

STATE OF MAINE BUREAU OF
MOTOR VEHICLES and
INFORME.,

      Respondents


This matter is before the court on respondents' motion to dismiss the amended petition of petitioner, Locateplus.com, Inc.

The petitioner has brought an amended petition for review of final agency action pursuant to M.R. Civ. P. 80C with an independent claim for relief. In its petition, the petitioner asserts that it is now doing business as Worldwide Information, Inc. which is a Massachusetts corporation. Respondent InforME is a State agency established pursuant to 1 M.R.S.A. §§ 531-538 (Supp. 2001). The petitioner, an information service company, produces CD-ROM disks which provide motor vehicle and drivers license information to law enforcement and other governmental agencies and authorized private investigators, which information includes personal information deemed private under the Federal Drivers Privacy Protection Act, as authorized by the United States Department of Justice. The CD-ROMs produced by the petitioner allow the end users to perform information searches of motor vehicle and drivers license records in a form that is enhanced to provide additional services and which are subject to specific security provisions. Locateplus.com has been receiving this information from the Maine Bureau

of Motor Vehicles on four occasions each year for motor vehicle data and two occasions each year for drivers license data at an average annual cost of $1,800.00. As of July 6, 2001, the Bureau of Motor Vehicles database contained motor vehicle registration information of 1,249,570 records, motor vehicle title information containing 2,082,180 records, and drivers license information containing 951,529 records. Under the InforME fee structure, the cost to petitioner for obtaining the data would be $456,901.74 per year. Prior to InforME, data from the Bureau of Motor Vehicles was obtained by downloading a "snapshot" of the data on a given date and time onto IBM cartridges, which cartridges were mailed to the petitioner. This was done by petitioner's active account with the Bureau of Motor Vehicles and simple fax request.

In June 2001, the petitioner requested the electronic data in accordance with previous procedures. The Secretary of State, responding on behalf of the Bureau of Motor Vehicles, refused to provide access to the information and referred the petitioner to InforME as the State's agent for providing access to public information. InforME responded to the petitioner's request by requesting authentication of the petitioner's qualification for obtaining the "personal information" and the payment of fees charged by InforME. On a second request for information by the petitioner requesting the data directly from the Bureau of Motor Vehicles as in past practice without the services of InforME the request was denied. In addition, the petitioner was advised by the Office of the Secretary of State that the cost to purchase the three data base files would be $5.00 per record, or $21,416,395.00. This fee schedule was based upon the five dollar per record fee schedule under M.R.S.A. 29-A. It is alleged by the petitioner that the total yearly cost for obtaining information under these circumstances would be $76,150,290.00.

2

Petitioner's request is two-fold, first that the court consider the fees demanded by the Bureau of Motor Vehicles and InforME to be a de facto violation of the Maine Freedom of Access Act, 1 M.R.S.A. § 401 *et seq.* Secondly, petitioner seeks an independent claim for declaratory judgment finding the respondents' fee structures to be in violation of the Freedom of Access Act thus not properly reflecting the costs of translation and transmittal of the electronic data requested by petitioner. The petitioner is asking the court to order respondents to provide the information but to make the information available at appropriate and reasonable costs, *citing* 1 M.R.S.A. § 401 *et seq.*, 29-A M.R.S.A. § 252(1) and 1 M.R.S.A. § 531 *et seq.*

Respondents move to dismiss petitioner's petition, first arguing that the petitioner has no right under the Freedom of Access Act to receive a copy of motor vehicle and drivers license data bases "at cost." Secondly, respondents rely upon the InforME statute at 1 M.R.S.A. §§ 531-538 as establishing the fee structure applicable to obtaining copies of public records in electronic form. Third, the respondents rely upon 29A M.R.S.A. § 252 (1) for the proposition that a commercial user such as the petitioner requesting information from the Bureau of Motor Vehicles in hard copy form may be required to pay a fee of five dollars per record. Fourth, the respondents argue that the fact that the petitioner has benefitted from the past practices of the Bureau of Motor Vehicles in obtaining copies of these data bases at prices below the statutory prescribed fee does not create a legal entitlement to a continuation of that practice.

Maine's Freedom of Access Act is contained in Title 1, ch. 13, §§ 401-410. Section 408 reads as follows:

> "Except as otherwise provided by statute, every person shall
> have the right to inspect and copy any public record during
> the regular business hours of the custodian or location of

3

such records; provided that, whenever inspection cannot be accomplished without translation of mechanical or electronic data compilations into some other form, the person desiring inspection may be required to pay the State in advance the cost of translation and both translation and inspection may be scheduled to occur at such time as will not delay or inconvenience the regular activities of the agency or official having custody of the records sought and provided further that the cost of copying any public record to comply with this section shall be paid by the person requesting the copy."

Petitioner relies upon the portion of the language referring to the "cost of translation".

The respondent argues that it is not required to be restricted to the cost of translation because of the preceding language "except as otherwise provided by statute . . . ." An analysis of this provision requires examination of a provision of the InforME statute.

The Electronic Access to Public Information law is ch. 14 of Title 1, including §§ 531-538.

Section 533 establishes InforME and provides its purposes. The last paragraph of that section reads as follows:

"Nothing in this Act may be construed to affect the rights of persons to inspect or copy public records under chapter 13, subchapter I or the duty of data custodians to provide for public inspection and copying of their records."

It is clear that the exception language in § 408 modifies the action word that every person shall have a right to inspect and copy and does not modify the requirement of the cost of translation. Further, it cannot be argued that the petitioner is not a "person" under the Freedom of Access Act entitled to inspect and copy public records. Secondly, it is clear that the data requested in this case is part of the public records as contemplated by the Freedom of Access Act. *See* Opinions of Attorney General, #80-95 dated May 29, 1980 and Opinion #83-7 dated February 28, 1983.

The purpose of InforME, among other things, is to provide a "self supporting and cost effective electronic gateway to provide and enhance access to the State's public

4

information for individuals, businesses and other entities; . . . " 1 M.R.S.A. § 533 (1). The court first looks at the issue of whether a simple download from a database to a cartridge constitutes "electronic . . . access". "Access" is defined by the Oxford American Dictionary, 1980, as "a way in, a means of approaching or entering". "Electronic" is defined by the same source as "produced or worked by a flow of electrons in a vacuum, gas, or certain solids". To the extent the information contained in a computer requires the actions by the computer to convert the electronic data from one form of memory to another, it would constitute electronic access. Under § 533, InforME has the authority to both "provide" and to "enhance" that access. This term would distinguish the provision of data from an enhanced form of information prescribed in § 534 as "premium services" 1 M.R.S.A. § 534 (5)(F)(1). The responsibility of InforME insofar as it relates to the specific subject of this proceeding mandates that InforME may not claim as a premium service that access to public records and data in the form maintained by the data custodian and available for public inspection under ch. 13 (I). Further, to the extent InforME does impose a fee for premium information services, it must be "reasonable but sufficient to support the maximum amount of information and services provided at no charge." 1 M.R.S.A. § 531 (5)(G)(2).

The respondents argue that the statute establishes the fee structure applicable to obtaining copies of public records in electronic form. However, the InforME statute makes it clear that simply providing the information cannot be considered as a premium service. Further, InforME is required to follow the agency fee under its service level agreement for "distributing the information or providing the service in its usual form." 1 M.R.S.A. § 536 (3).

5

While the respondents wish to have the court conclude that this case does not come within Title 29-A, upon the implementation of the InforME statute, they're also arguing in their motion to dismiss that the statutory fee for obtaining a "hard copy" of the data is five dollars per record. 29A M.R.S.A. § 252(1). Respondents assert that the Secretary of State is entitled to $5.00 for each "report of records" amounting to individual entries of individual persons or vehicle. The petitioner argues that a "report of records" constitutes a specific download. Further, petitioner asserts in its petition that imposing a fee of five dollars for each individual entry causes the same unlawful result as the InforME restructure by denying them access under the Freedom of Access Act and further, such has been recognized by the Bureau of Motor Vehicles in the past as it has been charging a cost reasonably related to the labor and materials required to provide the information.

An analysis of the Electronic Access to Public Information Act suggests that the creation and implementation of InforME as a means of providing electronic access to public information is to facilitate electronic access but without denying or impeding that access. To the extent that the copying of the public record is done electronically, it must continue to be done at a fee reasonably consistent with the cost to the taxpayer for providing the service. Simply providing information is not within the definition of a premium service. While the statute does not limit the definition to a phrase, it does give an indication of the nature of the services to be provided by InforME for a fee which otherwise justifies its existence. Under 1 M.R.S.A. § 532(4) "premium services include, but are not limited to, the enhancement of information that is otherwise available through InforME for the statutory fee or at no charge." The only way in which the statutory interpretation can be considered without reaching an illogical result is to

6

conclude that InforME may provide the data previously supplied by state agencies in electronic form at the same cost as the translation cost to the agency, that the network manager may keep a portion of that cost for its services, but that InforME is free to enhance the electronic access and may charge a reasonable fee which includes a cost component as well as revenues to subsidize its other activities. This interpretation would be consistent with the use of a private agency to conduct the State's business.[1]

In the final analysis, the court is required to accept the allegations in petitioner's petition as true to determine whether, under any set of circumstances contained within those facts, petitioner would be entitled to relief. If one assumes that $1,800.00 represents some measure of actual cost to the State of Maine in downloading the database and that the State has replaced that procedure with a requirement in the thousands and even into the millions of dollars, the suggestion of a de facto violation of freedom of access can be the only reasonable conclusion.

The entry will be:

The respondents' motion to dismiss is denied.


Dated: April ___, 2002

Donald H. Marden
Justice, Superior Court

---

[1] The court presumes that InforME is capable of enhancing its electronic access and search mechanisms in exactly the form heretofore provided by Locateplus.com, therefore putting itself into direct competition with the petitioner and with the capability of obtaining the data at agency cost. Certainly, the Legislature cannot be expected to have created an individual monopoly with this significant advantage.

Date Filed __7/12/01__ __Kennebec__ Docket No. __AP01-50__
County

Action __Petition for Review__
80C

# J. MARDEN

Locateplu.com.d/b/a Worldwide Information Inc. <sup>vs.</sup> State of Maine, Bureau of Motor Vehicle

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Edmond J. Bearor, Esq.<br>Luke M. Rossignol, Esq.<br>P.O. Box 401<br>84 Harlow Street<br>Bangor, Maine 04402-1401 | Phyllis Gardiner, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 7/12/01 | Complaint for Review of Covermental Action with Independent Claim for Relief Pursuant to M.R.Civ.P. 80B, filed. s/Bearor, Esq. s/Rossignol, Esq. (attached exhibits 1-5)<br>Plaintiff's Motion for Order Specifying Future Course of Proceedings Pursuant to M.R.Civ.P 80B(i), filed. s/Bearor, Esq. s/Rossignol, Esq. |
| 7/13/01 | Petition for Review of Final Agency Action with Independent Claim for Relief Pursuant to M.R.Civ.P. 80C, filed. s/Bearor, Esq. s/Rossignol, Esq. (attached exhibits 1-5)<br>Certificate of Service, filed. s/Bearor, Esq.<br>Petitioner's Motion fro Order Specifying Future Courst of Proceedings Pursuant to M.R.Civ.P.80C(i), filed. s/Bearor, Esq. s/Rossignol, Esq.<br>Proposed Order, filed. |
| 7/25/01 | Amended Petition for Review of Final Agency Action with Independent Claim for Relief Pursuant to M.R.Civ.P. 80C, filed. s/Rossignol, Esq. (attachments) |
| 8/1/01 | Letter from attorney Gardiner entering appearance and indicating that no record will be filed and case should proceed as any other civil action. |
| 8/3/01 | Answer to Amended Rule 80C Petition, filed. s/Gardiner, AAG |
| 11/13/01 | Proposed Order Specifying the Future Course of Proceeding, filed. |
| 11/21/01 | Proposed Order Specifying the Furture Course of Proceedings, filed. |
| 11/27/01 | ORDER SPECIFYING FUTURE COURSE OF PROCEEDINGS, Marden, J.<br>The Clerk is directed to enter this Order into the docket by reference pursuant to M.R.Civ.P. 79(a).<br>Copies mailed to attys. of record. |
| 12/28/01 | Petitioner's Motion for Summary Judgment Pursuant to M.R.CIV.P. 56, filed. s/Rossignol, Esq. s/Bearor, Esq. (filed 12/26/01)<br>Memorandum of Law in Support of Motion for Summary Judgment, filed. s/Rossignol, Esq. s/Bearor, Esq.<br>Petitioner's Statement of Undisputed Material Facts, filed. s/Bearor, Esq. s/Rossignol, Esq. (attached exhibits 1-9) |